**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000037
17-DEC-2012
08:33 AM**

NO. CAAP-10-0000037

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEVIN ALEXANDER SCOTT, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 10-1-0030K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Kevin Alexander Scott (Scott) appeals from the Judgment of Conviction and Sentence for one count of Assault in the Second Degree (Assault Second) in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(a) (Supp. 2011),[1] for causing substantial bodily injury to Leif Martin (Leif); one count of Terroristic Threatening in the Second Degree (Terroristic Threatening Second) in violation of HRS § 707-717 (1993),[2] for threatening Leif with bodily injury; and one count

---

[1] HRS § 707-711(1)(a) now states, as it did at the time of the offense:

(1) A person commits the offense of assault in the second degree if:

(a) The person intentionally or knowingly causes substantial bodily injury to another[.]

[2] Although initially charged with Terroristic Threatening in the First Degree against Leif, the jury found Scott guilty of the lesser included offense of Terroristic threatening in the Second Degree under HRS § 707-717, which now provides, as it did at the time of the offense:

(continued...)

of Terroristic Threatening in the First Degree (Terroristic Threatening First) in violation of HRS §§ 707-715(1) (1993) and 707-716(1)(e) (Supp. 2011),[3] for threatening Kerry Martin (Kerry) with the use of a dangerous instrument, a gun,[4] entered on August 30, 2010 in the Circuit Court of the Third Circuit (circuit court).[5]

After a careful review of the issues raised[6] and the arguments advanced by the parties, the applicable authority, and the record, we resolve Scott's points on appeal as follows:

---

[2](...continued)
    (1)    A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716.

[3]    HRS § 707-715(1) provides now, as it did at the time of the offense:

**Terroristic threatening, defined.** A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage to property of another or to commit a felony:

    (1)    With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person[.]

707-716(1)(e) stated:

    (1)    A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:

    . . . .

    (e)    With the use of a dangerous instrument[.]

[4]    The jury found that a fourth charge, Terroristic Threatening in the First Degree by common scheme, also alleged to have been committed against Kerry, merged with the Terroristic Threatening First charge.

[5]    The Honorable Elizabeth A. Strance presided.

[6]    Preliminarily, we note that Scott's statement of the case in his opening brief is not in accordance with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(3) in that it fails to set "forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings." HRAP Rule 28(b)(3). Specifically, Scott's opening brief failed to outline the underlying facts of the case. Scott's attorney is cautioned that future violation of the rules may result in sanctions. HRAP Rule 30.

(1) Scott argues that the circuit court violated his right to due process because the circuit court denied Scott's attorney, James Biven's (Biven) request for transcriptions of Jefferson Scott's (Jefferson) trial[7] on charges arising out of the same incident as the instant case because Biven was "appointed in another case." Scott argues that because Kerry and Leif testified at Jefferson's trial regarding the same incident for which Scott was indicted, their testimony was "essential to preparation and effective cross-examination for [Scott's] trial." However, Scott did not state any reason, let alone specific facts, in support of his transcript request.[8]

Litigation expenses for indigent criminal defendants may be paid out of court funds as provided in HRS § 802-7 (1993)[9]

---

[7] Jefferson was separately charged with Assault in the Second Degree, Terroristic Threatening in the Second Degree, and Assault in the Third Degree for acts committed in the instant incident against Leif. See State v. Scott, 125 Hawai'i 30, 251 P.3d 47, No. 30499 2011 WL 1878851 at *1 (App. May 12, 2011) (SDO).

[8] It appears that on June 15, 2010, Scott moved to continue his trial because Biven needed more time to obtain seven transcripts from Jefferson's case "in order to adequately prepare a defense in the instant case." Biven explained that the transcripts were not ordered because Scott had authorized Biven to enter into a plea agreement with the State and he did not want to incur unnecessary expenses. Biven did not explain how he could have engaged in plea negotiations without the transcripts he asserted were necessary to prepare a defense.

The record does not include a transcript of the June 23, 2010 hearing on the motion to continue trial. The minutes reflect that the circuit court denied Scott's motion because Scott provided no specifics in support of his motion, a jury had been summoned, the parties had indicated they were ready for trial before the plea negotiations fell through, and no request for expedited transcripts had been filed. Although Scott's requests for transcripts is dated June 15, 2010 and June 22, 2010, the disapproved stamp is dated June 24, 2010 and the document was filed on June 29, 2010.

[9] HRS § 802-7 provides:

> **Litigation expenses.** The court may, upon a satisfactory showing that a criminal defendant is unable to pay for transcripts or witness fees and transportation, or for investigatory, expert or other services, and upon a finding that the same are necessary for an adequate defense, direct that such expenses be paid from available court funds or waived, as the case may be; provided that where the defendant is represented by the state public defender or by other counsel appointed by the court except for such other counsel appointed by the court for reasons of conflict of

(continued...)

3

and require a showing that the expense is "necessary for an adequate defense." However, "[t]he law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (quoting Union Building Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)) (internal quotation marks omitted). The "Request Form for Non Appeal Cases" (Request Form) filed by Scott in this case does not provide any reason for the request and moreover, as it requests transcripts from another case, does not indicate, on its face, any reason that the transcripts are "necessary for an adequate defense" in Scott's case, nor does Scott claim that all of the seven transcripts requested contain the testimony of witnesses he anticipated would testify in his trial.

Scott does not cite to any authority supporting his contention that he was entitled to transcripts of proceedings in another case. In State v. Mundon, 121 Hawai'i 339, 219 P.3d 1126 (2009), upon which Scott relies, the defendant requested but was denied transcripts of the preliminary hearing and grand jury proceedings in his own case. Scott asked for, and presumably received, because the request was immediately approved, the transcript of the grand jury proceeding in this case. In Britt v. North Carolina, 404 U.S. 226 (1971), also cited by Scott,

_____

9(...continued)
interest on the part of the public defender, the public defender shall pay for or authorize payment for the same, if the public defender determines that the defendant is unable to pay for the same and that the same are necessary for an adequate defense, and if there is a dispute as to the financial ability of the defendant such dispute shall be resolved by the court. In cases where other counsel have been appointed by the court for reasons of conflict of interest, the court may, upon the requisite showing of inability to pay and a finding that such expenses are necessary for an adequate defense as set forth above, direct that such expenses be paid from available court funds or waived, as the case may be.

transcripts of an earlier trial ending in a mistrial in the same case was involved.

Moreover, although Scott argues that the transcripts were necessary for preparation and cross-examination of witnesses, he did not submit his request for these transcripts until, at the earliest, June 15, 2010, when trial was scheduled for June 23, 2010.

We conclude that Scott has failed to establish that the circuit court erred in denying his request.

(2) Scott argues that the circuit court erred when it did not include a jury instruction for Assault Third because (1) while Scott was charged with intentionally or knowingly causing substantial bodily injury, the jury could have found that Scott acted recklessly; (2) the jury could have found that Scott caused only bodily injury and not substantial bodily injury (the substantial bodily injury to Leif could have been attributed to Jefferson's actions); (3) the absence of a jury instruction on Assault Third was prejudicial "since the jury did not have a misdemeanor option available to it, and did not have the ability to choose another crime that may have fit [Scott]'s facts more precisely and which was also of a lesser severity"; (4) "the jury may have felt compelled to choose assault in second degree rather than a not guilty verdict, in part because there was no lesser offense of assault in the third degree as an option"; and (5) Assault Third "can be committed if done so negligently and with a dangerous instrument" and it was alleged that Scott used a firearm to hit Leif.

However, the Hawai'i Supreme Court has held that the failure to instruct on lesser included offenses is harmless where the jury finds guilt on the instructed offense as it is presumed the jury followed the instructions given, which require that it unanimously find the defendant guilty of each described element beyond a reasonable doubt. That being the case, the jury would not have considered the lesser included offense instruction had it been given. State v. Haanio, 94 Hawai'i 405, 415-16, 16 P.3d

246, 256-57 (2001). In this case, Scott was charged with Assault Second for intentionally or knowingly causing substantial bodily injury to Leif. As the jury in this case found Scott guilty of the charged offense of Assault Second, it would not have considered the lesser offense of Assault Third. Thus, the error, if any, was harmless. Haanio, 94 Hawai'i at 415-16, 16 P.3d at 256-57.

(3) and (4)  In Scott's third and fourth points on appeal, he argues his counsel, Biven, provided ineffective assistance of counsel. This court reviews ineffective assistance of counsel claims by determining whether, "viewed as a whole the assistance provided was within the range of competence demanded of attorneys in criminal cases." Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994) (internal quotation marks, citation, and brackets omitted). In claims of ineffective assistance of counsel, the defendant has the burden of proving both: (1) "that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence"; and (2) "that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (quoting State v. Aplaca, 74 Haw. 54, 66-67, 837 P.2d 1298, 1305 (1992)) (internal quotation marks omitted).

(a)  Scott first points to Biven's failure to file a memorandum regarding the appropriateness of an instruction on the lesser included offense of Assault in the Third Degree (Assault Third) as requested by the circuit court. The entirety of the circuit court's directives to counsel are not part of the record, as it appears that, after an in-court discussion held on July 2, 2010, the circuit court sent an email to counsel, which apparently contained the direction to include argument on an instruction on Assault Third, which has not been included in the record. Thus, this court is unable to review whether counsel could have reasonably construed the circuit court's directives to

6

have allowed for the option of submitting an email and omitting a discussion on the Assault Third instruction.

Moreover, review of the transcript of the July 6, 2010 proceedings, wherein the Assault Third instruction was subsequently discussed, reveals that Biven was given ample opportunity to orally present his position, which consisted of an argument regarding whether the evidence presented the possibility that the jury could decide that Scott caused only bodily injury to Leif. Scott does not argue on appeal any aspect of his position on the giving of the Assault Third instruction that Biven was not able to present nor does he argue that the circuit court refused to consider Biven's oral presentation.

Finally, the circuit court ruled that there was no rational basis upon which the jury could find that Leif suffered only bodily injury as a result of Scott's striking Leif. Therefore, as Scott fails to establish the causation between Biven's failure to file a brief and the circuit court's exclusion of an Assault Third jury instruction, Biven's failure to file a brief did not result in the withdrawal or substantial impairment of the presentation of assault in the third degree to the jury as a potentially meritorious defense.

(b)  Scott also contends that Biven was ineffective as he should have hired experts in the areas of self-defense and medicine to help him develop Scott's self-defense claim and to have "lessened the mental state associated with the charge of assault in the second degree." Scott does not appear to be arguing that these experts should have been called as witnesses, only that they should have been hired as consultants.

Scott offers no specifics regarding the utility of such experts. Scott acknowledges that Leif "had not actually verbally threatened [Scott] nor attempted to swing first" and argues only that "the subtleties involved demand that an expert be employed." Scott provides no authority for such a proposition, and we find

7

none.   As such, his ineffective assistance of counsel claim is mere speculation.

Therefore, the Judgment of Conviction and Sentence entered on August 30, 2010 by the Circuit Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawai'i, December 17, 2012.

On the briefs:


Kevin O'Grady,
for Defendant-Appellant.

Presiding Judge


Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge


Associate Judge